2021 IL App (2d) 200580-U
No. 2-20-0580
Order filed June 29, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| JOSE MARIO AYALA MEDRANO, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff and Counterdefendant-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 17-SC-4929 |
| | ) | |
| ROC PROPERTY MANAGEMENT, | ) | |
| | ) | Honorable |
| Defendant and Counterplaintiff-Appellant. | ) | Todd. B. Tarter, |
| | ) | Judge, Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Jorgensen and Schostok concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Where the record on appeal was inadequate for review of the trial court's decision on a petition for attorney fees, the decision was presumed correct and was accordingly affirmed.

¶ 2   Defendant, ROC Property Management, appeals the trial court's order awarding it $500 in attorney fees from plaintiff, Jose Mario Ayala Medrano, under a fee-shifting provision in a residential lease. Defendant contends that the trial court abused its discretion in awarding only a small fraction of the approximately $8000 in fees it sought. Because the incomplete record does not demonstrate that the trial court erred, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Plaintiff sued defendant, seeking the return of a damage deposit on an apartment he rented from defendant. He alleged that he vacated the apartment, leaving it in good condition, but that defendant had failed to return his deposit.

¶ 5      Defendant filed an answer and counterclaim for expenses incurred in repairing the apartment after plaintiff left. Following a bench trial, the trial court entered judgment for defendant for $757.19 in repair costs. It also awarded $1946.75 in attorney fees under a lease provision allowing defendant to recover its attorney fees if it was successful in litigation.

¶ 6      The law firm of Melei Petsche Spencer (Melei) represented defendant. Following the trial, defendant, represented by Melei, instituted proceedings to collect the judgment.

¶ 7      Plaintiff filed a notice of appeal. However, he never filed a brief, and so we dismissed the appeal. Shortly thereafter, defendant served on plaintiff a citation to discover assets. At a hearing on May 30, 2019, plaintiff turned over in open court $600 in cash and the title to a 1998 Toyota Corolla, which was to be appraised to see whether it could be sold, but he did not bring the requested documents.

¶ 8      On June 13, 2019, plaintiff was afforded a "final opportunity" to turn over the documents. On June 21, 2019, plaintiff turned over $100 in cash but did not bring the requested documents. The trial court denied defendant's request to hold plaintiff in contempt of court.

¶ 9      On July 2, 2019, defendant filed a petition for a rule to show cause. On July 12, 2019, defendant filed a petition for attorney fees and costs. Melei sought $4771.25 for 23.61 hours of work from May 2, 2019, to date.

¶ 10      In court on July 30, 2019, plaintiff turned over $200 in cash. Also that day, the trial court continued defendant's petition for a rule to show cause and its petition for attorney fees and costs.

On August 2, 2019, defendant served a wage deduction notice on plaintiff's employer, Cuere Trucking. It was returned not served, and defendant had an alias citation issued. On August 15, 2019, defendant issued a nonwage garnishment to Fifth/Third Bank. On September 4, 2019, plaintiff turned over another $100. On November 14, 2019, the court issued a rule to show cause and granted defendant leave to file an "amended" petition for fees.

¶ 11 The court issued a writ of attachment for plaintiff. Subsequently, the court quashed the writ and vacated the rule to show cause, presumably because plaintiff appeared. On February 13, 2020, defendant filed its amended petition for attorney fees and costs, seeking $8799.19.

¶ 12 Following a hearing, the trial court awarded defendant $500 in attorney fees. The court's written order stated that the court, after "Being Fully advised in the Premises," found that $500 was a reasonable fee for Melei's services. The order stated that the court had reviewed and considered the entire court file and considered the eight factors listed in *J.B. J.B. Esker & Sons, Inc. v. Cle-Pa's Partnership*, 325 Ill. App. 3d 276 (2001), in deciding on the reasonableness of attorney fee awards.

¶ 13 The court noted that numerous billing entries included with the February 13, 2020, petition were dated before the July 12, 2019, petition and should have been included with that earlier petition. The court further noted that there were "gaps in the billing fee entries" in the two petitions and that numerous billing entries "involved the same or similar language on nearly every billing entry." These irregularities "caus[ed] the court to speculate regarding the nature and extent of the attorney fees being claimed." The court found that the requested fees were unreasonable considering "the difficulty of the legal work, the subject matter involved and the time and labor required." Defendant timely appeals.

¶ 14                                         II. ANALYSIS

¶ 15    Defendant contends that the trial court abused its discretion by awarding only $500 of the $8000 sought in attorney fees. Plaintiff has not filed a brief. Where the record is simple and the claimed errors are such that we can easily decide them without the aid of an appellee's brief, we will do so. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976). The issues on appeal are straightforward enough. As for the record, it might be simple, but it is also incomplete. There are no reports of proceedings. An appellant has the burden to present a sufficiently complete record of the proceedings to support its claims of error and, in the absence of such a record, we presume that the trial court's order conformed with the law and had a sufficient factual basis. We will resolve against the appellant any doubts arising from the incomplete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 16    In *J.B. Esker*, the court stated that a party seeking fees has the burden of presenting the court with sufficient evidence from which it can decide the reasonableness of those fees. *J.B. Esker*, 325 Ill. App. 3d at 283. In making this decision, the court may look to various factors including: "(1) the skill and standing of the attorney, (2) the nature of the case, (3) the novelty of the issues involved, (4) the significance of the case, (5) the degree of responsibility required, (6) the customary charges for comparable services, (7) the benefit to the client, and (8) the reasonable connection between the fees sought and the amount involved in the litigation." *Id.* The ultimate decision on reasonableness is within the trial court's discretion. *Id.*

¶ 17    Defendant argues generally that the sheer volume of documents and court appearances generated by plaintiff's recalcitrance during the collection proceedings merited a greater fee award. It contends that the court's $500 fee award "clearly ignored the time and labor required and failed to look at the length of the procedural history, at least thirteen (13) court appearances and multiple filings of [defendant] after May 2, 2018, and the preparation involved in addressing each issue

posed by [plaintiff]." The lack of a report of proceedings makes it impossible for us to decide this issue. The notation in the court's order that the court was "Fully Advised in the Premises," implies that some evidence was taken at the hearing, but we do not know what it was. We must therefore presume that it supported the court's ruling. *Foutch*, 99 Ill. 2d at 391-92.

¶ 18    In *Crystal Lake Ltd. Partnership v. Baird & Warner Residential Sales, Inc.*, 2018 IL App (2d) 170714, ¶¶ 84-87 we reaffirmed that a court must decide reasonableness considering the eight factors listed in *J.B. Esker* before awarding or denying fees. Here, the trial court, after considering the *J.B. Esker* factors, found that the requested fees were unreasonable, and the record as it exists prevents meaningful review of that decision.

¶ 19    Moreover, defendant does not identify with sufficient specificity any particular fees that were disallowed and why they should have been allowed. In stressing the quantity of documents and court appearances, defendant ignores that these were routine collection proceedings. The appearances and filings to which defendant refers were apparently the result of plaintiff's failure to bring requested documents. We have no report of proceedings, but it is difficult to imagine that the hearings were lengthy or the issues complex. In any event, the trial court was in the best position to decide whether Melei's efforts justified the fees sought, and, in the absence of a complete record of the proceedings, we cannot say that it abused its discretion.

¶ 20    Defendant nonetheless argues that *J.B. Esker* entitles it to the full amount of fees claimed. In *J.B. Esker*, the appellate court found that one attorney should have received all his requested fees, but it denied fees to another attorney. The court noted that one attorney, Runde, "submitted a detailed bill itemizing the time spent in fractions of an hour" and submitted a signed affidavit. *J.B. Esker*, 325 Ill. App. 3d at 283. Another attorney, Kelsey, submitted an unsigned affidavit, and "the bill attached to the [fee] petition did not have an itemization of the time expended." *Id.* at

283-84. Defendant infers from *J.B. Esker* that, because Melei submitted itemized billing information and signed an affidavit, defendant is entitled to the claimed fees. We presume, however, that the record in *J.B. Esker* was adequate for the appellate court to review whether the respective fees requested by Kelsey and Runde were reasonable. The record here, by contrast, is *not* adequate for review of the trial court's fee determination. Even aside from this vital procedural distinction, we would not read *J.B. Esker* as affirming the questionable proposition that a party who submits an itemized breakdown of fees and signs an affidavit is entitled to attorney fees in any amount he or she desires.

¶ 21    Defendant takes issue with the trial court's statements in its written order that (1) numerous billing entries that were included with the February 13, 2020, petition were dated before the July 12, 2019, petition and should have been included with that earlier petition; and (2) this irregularity "caus[ed] the court to speculate regarding the nature and extent of the attorney fees being claimed." Defendant claims that the court authorized it to file an "amended" petition for fees and that, under the Code of Civil Procedure, an "amended" pleading supersedes prior pleadings. See *People v. Bernard*, 2014 IL App (2d) 130924, ¶ 10.

¶ 22    Defendant's petition for fees was not a "pleading," which is defined as "[a] formal document in which a party to a legal proceeding *** sets forth or responds to allegations, claims, denials, or defenses." Black's Law Dictionary 1339 (10th ed. 2014). In any event, there is no indication that the court meant "amended" in the formal sense, creating an expectation that nothing in the prior petition would be considered. Even in such a case, however, the contents of the superseded pleading may be considered in some circumstances. See *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 558 (2005) (statement in an original pleading may constitute an evidentiary admission even where the pleading has been superseded).

¶ 23    Nonetheless, the court retained the overall duty to rule on the reasonableness of the requested fees, and it considered the entire record in doing so.  Without more, the fact that certain fees allegedly incurred much earlier appeared for the first time in defendant's second fee petition was certainly reason for the court to question the appropriateness and necessity of those fees.

¶ 24    In summary, we presume, in the absence of a complete record, that the facts and the law supported the trial court's determination that defendant was not entitled to the full amount of additional fees it requested.  Accordingly, we cannot say that the trial court abused its discretion by awarding defendant $500 in fees.

¶ 25                                III. CONCLUSION

¶ 26    The judgment of the circuit court of Kane County is affirmed.

¶ 27    Affirmed.